IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-00210-DGK-01 |
| | ) | |
| ANDRE L. FANNIEL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING VARIOUS PRO SE MOTIONS

On November 17, 2022, the Court accepted Defendant's guilty plea and found Defendant guilty of being a felon in possession of a firearm. ECF No. 40. On September 28, 2023, the Court sentenced Defendant to 116 months' imprisonment followed by 3 years of supervised release and additionally ordered him to pay $4,476.00 in restitution to K.H. (the "Victim").[1] *See* J&C, ECF No. 58. The Court waived interest on the restitution. *Id.* Defendant did not appeal his sentence.

Now before the Court are Defendant's various pro se motions. For the following reasons, Defendant's motions are DENIED.

### I. Defendant's motions to retract, modify, or delay restitution are denied.

First, Defendant requests the Court "retract," "modify," or "delay" restitution. ECF Nos. 62, 68, 74, 83. Defendant argues the restitution order lacks sufficient factual support and he is too indigent to pay it. The Government opposes any modification or delay. ECF Nos. 77, 86.

---

[1] The restitution was "due immediately." J&C at 6. If Defendant was unable to immediately pay the full amount, the Court ordered Defendant to "make quarterly payments of $25 or at least 10 percent of earnings, whichever is greater" while incarcerated, "and while on supervised release, monthly payments of $100 or 10 percent of gross income, whichever is greater, to commence 90 days after release from incarceration." *Id.*

At the time Defendant filed the present motions, he had not made any payments toward his restitution. Since that time, Defendant has enrolled in the Inmate Financial Responsibility Program administered by the Bureau of Prisons and signed an inmate financial contract agreeing to pay $33 per month in restitution beginning April 2024. *See* ECF No. 86-1.

As a general matter, abundant evidence supports the amount of restitution ordered. In the underlying offense, Victim's 10-year-old child ("Child") called officers shortly before 4:00 a.m., stating Victim (his mother) had been assaulted by her boyfriend (Defendant). When officers arrived at the residence, Victim told the officers that if she opened the door and left, Defendant was going to shoot her. Officers observed bleeding from her left ear and a contusion close to her eye. Eventually Victim and Child escaped the residence. Defendant refused to exit the residence for nearly six hours, and only did so after the SWAT team deployed gas inside the residence. The Presentence Investigation Report ("PSR") details the evidence collected and documented at the scene, including recounting Victim's statements to law enforcement that Defendant "pistol whipped" her, discharged firearms in the house, pointed guns at her, and threatened her. Officers noted numerous bullet holes and other damage throughout the residence, including bullet holes in the headboard of the bed Child was sleeping in that night. *See* PSR at 4–10, ECF No. 43; *see also* Order Denying Df.'s § 2255 Motion, ECF No. 102 (detailing the underlying facts of this case). The Court held a two-day sentencing after Defendant contested many of the above facts. The Court reiterates, as it did at sentencing, that an overwhelming amount of evidence supports the facts of this case and the restitution amount ordered. *See* Sentencing Tr. Day 2 at 42–44, 53–54, ECF No. 67; *see also* PSR Addendum, ECF No. 46. Defendant's arguments—including his argument that Victim was not injured based on the fact she refused medical treatment at the scene—are frivolous.

Even if the Court was inclined to alter the amount of restitution imposed at this time, there is no jurisdictional basis to alter or amend the final judgment. Pursuant to 18 U.S.C. § 3664(o), "[a] sentence that imposes an order of restitution is a final judgment" which may only be altered in the following ways:

2

Case 4:21-cr-00210-DGK   Document 106   Filed 08/01/24   Page 2 of 6

(1) such sentence can subsequently be—

    (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
    (B) appealed and modified under section 3742;
    (C) amended under subsection (d)(5); or
    (D) adjusted under section 3664(k); 3572, or 3613A; or

(2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

Here, no basis for modification or delay exists under § 3664(o). To be sure, § 3742 addresses sentencing appeals, and Defendant did not appeal his sentence. Section 3664(k) permits the Court to "adjust the payment schedule, or require immediate payment in full," due to a material change in Defendant's economic circumstances. Defendant alleges only that he is indigent, as he was at the time of sentencing, and his only source of income while incarcerated is the money he receives from friends and family members to purchase hygiene items. Defendant has not alleged his economic circumstances have materially changed since the time of sentencing. *See United States v. Dejong*, No. 13-00134-01-CR-W-HFS, 2018 WL 9371685, at *1 (W.D. Mo. Nov. 16, 2018) (refusing to modify defendant's restitution amount where defendant's financial hardship did not amount to a material change in circumstances); *see also United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005). Additionally, after Defendant filed the present motions, he enrolled in the Inmate Financial Responsibility Program administered by the Bureau of Prisons and signed an inmate financial contract agreeing to pay $33 per month in restitution beginning April 2024, suggesting he can pay restitution. *See* ECF No. 86-1.

The other relevant sections address losses unascertainable at sentencing, the imposition of a fine in relation to restitution, the effect of a default in restitution payments, revocation of probation, and resentencing upon failure to pay restitution. §§ 3664(d)(5), 3572, 3613A, 3565,

3

3614. None of those provisions are applicable here. That leaves Federal Rule of Criminal Procedure 35, which permits a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error." Defendant does not allege an error occurred here, and, in any event, Rule 35(a) requires the Court to correct the sentence well before now. *See* Fed. R. Crim. P. 35(a) (finding the court must correct the sentence "[w]ithin 14 days after sentencing").

Accordingly, Defendant's motions to retract, modify, or delay his restitution are DENIED.

**II.     Defendant's motion for return of personal property is denied.**

Second, Defendant requests the Court order the return of his personal property allegedly taken by the Independence, Missouri Police Department ("IPD") at the time of his arrest. ECF No. 82. Specifically, $2,048 in cash, a black Cadillac Escalade, and a 2000 Honda Accord. The Government opposes the request and maintains the following with respect to each item: (1) the IPD currently has custody of the $2,048 in cash seized from Defendant at the time of his arrest, but the Government is working to collect the cash and apply it to Defendant's outstanding restitution balance;[2] (2) Defendant's black Cadillac Escalade was towed from the crime scene by Independence Specialty Tow, and after no one claimed the vehicle within 331 days, it was destroyed/scrapped; and (3) the IPD never seized the Honda Accord. ECF No. 90.

Defendant cites no caselaw or authority supporting his request. The motion is DENIED.

**III.    Defendant's motion to modify the PSR is denied.**

Third, Defendant requests the Court modify Paragraph 43 of the PSR pursuant to Federal Rule of Criminal Procedure 32(i)(3)(C). ECF No. 71.

---

[2] In their response, the Government stated it would file a Turnover Order to get the cash from the IPD. ECF No. 90 at 2. The Government filed a motion for Turnover Order on April 9, 2024. ECF No. 93. Then, on May 7, 2024, the Government moved to withdraw the motion for turnover order, stating the proper method of acquiring the cash was through a writ of garnishment. Mot. at 1, ECF No. 96. In light of this representation, the Government's motion to withdraw the turnover order, ECF No. 96, is GRANTED.

Paragraph 43 of the PSR recommended a six-level enhancement under U.S.S.G. § 2A4.1(b)(5) due to Defendant sexually exploiting Victim on the night he was arrested for the present offense. *See* PSR at 12, ECF No. 43. Defense counsel objected to the enhancement. The Court sustained the objection at sentencing, *see* Day 2 Sentencing Tr. at 40:1–12, ECF No. 67, and issued a Statement of Reasons reflecting this finding, ECF No. 59. Nonetheless, Defendant maintains the Bureau of Prisons has denied him access to the prison's "computer E-mail system" because his PSR contains an "attempted sexual battery."

Rule 32(i)(3)(C) provides that the Court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." A court can satisfy this requirement by appending a Statement of Reasons that implicitly includes its findings at sentencing. *See, e.g.*, *Quarles v. United States*, No. 1:20 CV 74 SNLJ, 2020 WL 7770994, at *14–15 (E.D. Mo. Dec. 30, 2020) (citing *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 248 (5th Cir. 2016)). Here, the Statement of Reasons stated that the Court adopted the PSR "with the following changes . . . Objection sustained pursuant to 2A4.1(b)(5); total offense level changed to 33." ECF No. 59 at 1. Accordingly, the Court complied with Rule 32(i)(3)(C). Defendant's motion is DENIED.

**IV. Defendant's motions for copies are denied.**

Finally, Defendant requests copies of various court documents, including his "Judgment and Sentence," docket sheet, motions he filed in this case, and a receipt showing he paid the Court's special assessment fee. ECF No. 87. Defendant also wants to know how much it will cost his family to pay for copies of his "judgment and sentences" and sentencing transcript. ECF No. 85.

A prisoner's right to copies of documents is not absolute. "[C]onstitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case." *United States v. Losing*, 601 F.2d 351, 353

(8th Cir. 1979). Since Defendant has failed to demonstrate a need for these copies, and has neither an appeal nor a § 2255 motion currently pending, he is not entitled to the documents he requests. To the extent Defendant's family wants to pay for copies, they are directed to contact the Clerk's Office directly. The motions are DENIED.

    **IT IS SO ORDERED.**

Date: August 1, 2024                      /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT